Mr. Chief-Justice Caetteb
dissented, saying in substance :
I dissent from the conclusion of the court. I do not propose to give my reasons in detail, but merely wish to record my vote against this great wrong.
The doctrine of vested rights has no application to this case ; before this debt was contracted these creditors were advised by the law that they could not touch this estate.
“ In the District the right of any married woman to any property, personal or real, belonging to her at the time of marriage, or acquired during marriage, in any other way than by gift or conveyance from her husband, shall be as absolute as if she were unmarried.and shall not be subject to the disposal of her husband, nor be liable for his debts.” B. S. D. C., 727.
There is no mistaking the language of the law. It shall be absolutely hers ; it shall not be subject to his debts, and it speaks of all her property, whether acquired antecedent to marriage or during marriage. He who runs may read.
’Was this law constitutional? The subject has been treated as though Hitz had purchased this property ; as though Con *139 gress had no power over the institution of marriage in this particular ; as though they were legislating about property purchased instead of the conditions of a married life. A good reply to that, is that all the property that Hitz obtained here is created by law. He has no deed for it; he never entered into any contract for it; she did not even own it when he manned her, and ail the title that he has is a title created by law, a title created by the same authority that qualifies it.
Legislation has laid its hand upon everything connected with the institution of marriage. It divorces husband and wife ; it partitions the property of the one to the use of the other ; it legislates as to the offspring begotten by the marriage, and why may it not declare inviolate the rights of the parties to it ? and that is all that this statute does. It simply declares that a creditor’s execution shall not reach the wife’s property for the husband’s debts. Why may not the law declare this? It is all the time declaring -where executions shall run and where they shall be withheld : First, they shall run against the person. Then they withhold it from the person. Then it shall run against a portion of the property, and not against another portion. Why not in this instance? It is a part of the law of the remedy, and it has always been held that the law maker has the power of defining the remedy.
If it be, as has been said, a vain avowal that the husband never claimed the rights of a husband in this property, yet there is another feature in this case which should be conclusive. Mrs. Hitz went to Europe, leaving her husband here. When she came home she found one piece of her patrimony conveyed to this bank, and found them in pursuit of another. She advised with counsel and it resulted in her saying, “.I will execute a deed for this house if you will divorce yourself from the rest of my property and any claims to it.” They consented, and she executed a deed. One dollar was denominated as the consideration, and it is said that the real consideration cannot now be shown. I doubt this. The real consideration can always be shown where there is a nominal recital for a consideration in a deed. So that the *140 wife having bought all the title in curtesy of her husband, when his creditors come into court demanding her property for his indebtedness, she can very well reply, “I have bought out all his interest. For he agreed to acquit the rest of my estate when I conveyed the house, and that conveyance was the consideration for the acquittal.”.
But aside from these circumstances, I cannot give my consent to a repealing of the statute, for if the statute is constitutional, and, as against these creditors, I have no doubt of it, it is conclusive of this controversy.
The Chief Justice and Associate Justices Hagner and James sat in this case.